Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 2026 | **DATE** | December 17, 2001 |
| **CASE TITLE** | Medigene v. Loyola University and Medimmune | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] MEDIGENE'S MOTION TO DISMISS COUNTS II, III AND IV OF LOYOLA'S COUNTERCLAIMS [223-1] IS DENIED. SEE ATTACHED FOR DETAILS.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | | number of notices | |
| X | Notices MAILED by judge's staff. | | | DEC 19 2001 | |
| | Notified counsel by telephone. | | | date docketed | 251 |
| | Docketing to mail notices. | | FOR DOCKETING | | |
| | Mail AO 450 form. | | 01 DEC 17 PM 3:59 | docketing deputy initials | |
| | Copy to _____ | | | 12/17/01 date mailed notice | |
| | KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

98-2026.005                                    December 17, 2001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MEDIGENE AG,                    )
                                )
    Plaintiffs,                  )
                                )
v.                              )    No. 98 C 2026
                                )
LOYOLA UNIVERSITY OF CHICAGO,   )
and MEDIMMUNE, INC.             )
                                )
    Defendants.                  )

DOCKETED
DEC 19 2001

### MEMORANDUM OPINION

    We have this date granted Loyola University's motion for summary judgment on Count I of its counterclaims regarding co-inventorship. Count I pertains to the issued United States patent and continuations and divisionals thereof. The relief sought by Loyola, which we granted, was a declaration that no employee of MediGene is a co-inventor of the claims of the United States patent, as well as an injunction against MediGene and its agents prohibiting them from claiming any such co-inventorship.

    We now turn to Counts II, III and IV of Loyola's counterclaim. These relate to foreign patent applications which stem from the application for the United States patent. The relief sought is a declaration that no MediGene employee is a co-inventor of any of the foreign claims and that MediGene be directed to transfer the foreign applications to Loyola.

MediGene has moved to dismiss Counts II, III and IV of the counterclaim for lack of subject matter jurisdiction, for lack of a case or controversy, and on the basis of the doctrine of forum non conveniens.

## Subject Matter Jurisdiction

This is a diversity case, and the issue is whether we have jurisdiction over the dispute concerning the foreign applications pursuant to 28 U.S.C. § 1367(a), as being "part of the same case or controversy" presented by the other claims and counterclaims of the parties. MediGene argues that disputes about foreign patent applications are beyond the jurisdictional reach of Section 1367(a), and relies on Mars, Inc. v. Kabushki-Kaisha Nippon Conlux, 24 F.3d 1368 (Fed. Cir. 1994). We do not read that case to support any such broad rule. Rather, the discussion of the Court made clear that in appropriate circumstances Section 1367 permits exercise of supplemental jurisdiction over a claim for infringement of a foreign patent. Id. at 1374-75. The Court explained why such jurisdiction was lacking in that case, but the explanation suggests a different result for the Loyola-MediGene dispute:

> [T]he foreign patent infringement claim at issue here is not so related to the U.S. patent infringement claim that the claims form part of the same case or controversy and would thus ordinarily be expected to be tried in one proceeding. The respective patents are different, the accused devices are different, the alleged acts are different and the governing laws are different. The assertion of supplemental jurisdiction over the Japanese infringement claim would in effect result in the trial court having to conduct two separate trials at one time.

<u>Id.</u> at 1375. In the instant case, Loyola's counterclaim alleges that the foreign patent applications pertain to the same invention claimed in the United States patent and involve the same co-inventorship issue we have just decided on Loyola's summary judgment motion. On a motion to dismiss, we assume the truth of these allegations.

Another relevant case is <u>Chou v. University of Chicago</u>, 254 F.3d 1347, 1360 (Fed. Cir. 2001), cited by both parties. We agree with Loyola that the case provides support for our jurisdiction to order transfer of the foreign patent applications.

## **Lack of a Case or Controversy**

MediGene argues that because its employee, Dr. Peter Heinrich, is not listed as a co-inventor on any of the foreign applications (except for the Canadian application), there is no case or controversy about whether Heinrich is a co-inventor. The problem with this argument is that MediGene has aggressively asserted Heinrich's co-inventorship in this forum. Although it dropped the co-inventorship claim from its most recent amended complaint, it objected to dismissal of the claim with prejudice and vigorously contested Loyola's motion for summary judgment. The issue clouds Loyola's ownership of the invention. Moreover, MediGene has control of the foreign applications and could seek to add Heinrich as a co-inventor at any time. And MediGene is obviously opposing Loyola's effort to transfer the foreign applications to Loyola.

There is clearly a genuine case or controversy.

### Forum Non Conveniens

MediGene warns that by undertaking the litigation of these counterclaims we would confront complex questions of foreign patent law, cumbersome translation problems, and a host of scientific questions relating to claims in the foreign applications that go beyond anything claimed in the United States patent. Loyola discounts these concerns, arguing that the claims are essentially the same and that, in the absence of any showing to the contrary, we should assume that the foreign law of co-inventorship is the same as United States law.

We note that one situation suggested by MediGene is unlikely to cause a problem: we are only being asked to order the transfer of foreign patent applications in which the subject matter of the United States patent is claimed. Any claims in the foreign applications that are materially different from the '324 claims would not be encompassed in the relief sought.

We do not know enough about the foreign patent claims to tell at this time whether any of the problems anticipated by MediGene are likely to arise. Again, for purposes of the motion to dismiss, we assume the truth of the counterclaims. The motion to dismiss will therefore be denied.

Whether there will be a problem concerning the foreign law of co-inventorship remains to be seen. But we should point out that

it is not a simple matter of whether the test for inventorship in each of the foreign countries is the same as it is in the United States. In addition, there is the question of what it takes to establish co-inventorship. In our case, the interested witnesses Heinrich and Gissmann gave testimony that Heinrich was a co-inventor. Under our law, the testimony of these interested witnesses was insufficient to prove co-inventorship by clear and convincing evidence. We do not know what quantum of evidence is necessary to prove co-inventorship in each of the foreign countries, and, for all we know, a simple preponderance might be sufficient in some countries. There may or may not be special rules regarding interested witnesses or independent corroboration of the claim. We mention this to alert the parties that, as to any country having evidentiary standards different from those utilized in our summary judgment analysis of Heinrich's co-inventorship claim, we would need to consider whether a triable issue is presented, and, if so, whether this court is a convenient forum for such a trial.[1]

---

[1] In one of its briefs on this motion, Loyola mentions that, assuming the motion is denied, it will move for summary judgment. In connection with any such motion, Loyola should be prepared to advise the court as to the comparative law on proof of co-inventorship, and what, if any, collateral effect this court's summary judgment on the issue would have in the various foreign countries.
The parties assume that foreign law will provide the governing substantive rules, but a conclusion on that will probably require a thorough conflicts of law analysis.

6

## **CONCLUSION**

MediGene's motion to dismiss Counts II, III and IV of Loyola's counterclaims is denied.

DATED:     December 17, 2001

ENTER:     _____
           John F. Grady, United States District Judge